# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **T'DAISHA HOPKINS,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
| ) | |
| **HUBBLE POWER SYSTEMS,** ) | |
| ) | **DEMANDS TRIAL BY** |
| **Defendant.** ) | **STRUCK JURY** |

## PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the Defendant of the Plaintiff's rights secured by:

    a. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

    b. Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981, et seq.; and

    c. Federal subject matter jurisdiction exists pursuant to:

    d. 28 U.S.C. §§ 1331, 1367;

  e. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

  f. Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981, et seq.

## PARTIES

2. Plaintiff, T'Daisha Hopkins, ("Plaintiff"), is a resident of Birmingham, Alabama, and is over the age of nineteen.

3. Defendant, Hubble Power Systems (hereinafter "Hubble") is a foreign organization that is not registered with the Alabama Secretary of State, but at all times relevant to this Complaint, Defendant was doing business in Jefferson County, Alabama. Defendant employs over fifty (50) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all relevant times herein.

## NATURE OF ACTION

4. Plaintiff brings this action against Defendant for unlawful employment practices, acts of intentional retaliation that occurred during her employment with Defendant.

5. Plaintiff seeks compensatory and punitive damages to which she is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

6. On December 15, 2016, within 180 days of learning of the acts of discrimination of which Plaintiff complains, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"), Charge No. 420-2017-00662. (**Attached hereto as Exhibit A**). More than 180 days after the charge was pending with the EEOC, Plaintiff received a Right to Sue letter from the EEOC, dated July 3, 2018. (**Attached herein as Exhibit B**).

7. On March 24, 2017, within 180 days of learning of the acts of discrimination of which Plaintiff complains, she filed another Charge of Discrimination with the EEOC, Charge No. 420-2017-01467. (**Attached hereto as Exhibit C**). More than 180 days after the charge was pending with the EEOC, Plaintiff received a Right to Sue letter from the EEOC dated July 3, 2018. (**Attached hereto as Exhibit D**).

8. All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

9. Plaintiff, T'Daisha Hopkins, and is an African American female over nineteen (19) years old.

10. Plaintiff began working for Hubble in September 2015 as a Foundry Specialist.

11. In July 2016 team leader Stephon Floyd propositioned Plaintiff to engage in a three-some, which she declined.

12. Floyd subsequently approached Plaintiff and asked if he left his girl friend if she would be with him and again she declined.

13. Following her rejection of Floyd's overtures, Floyd stalked Plaintiff at work and would sit and watch her perform her work duties causing Plaintiff to feel intimidated. When Plaintiff would look up and make eye contact, Floyd would smirk. Floyd would often hand out her assignment last and assign her to re-work, a less desirable assignment.

14. On or about September 16, 2016, Plaintiff complained to Human Resources employee Charlotte Vance about Floyd's harassing behavior. Vance indicated she would make her concerns known to Bill Allen, second shift, Production Supervisor.

15. On the same date, Plaintiff was summoned to Mr. Allen's office where he told Plaintiff and another employee who had also gone to Human Resources to complain, they were being written up for leaving their assigned work area without permission. Plaintiff explained that she went to Human Resources to file a complaint and Allen responded, yes, but you didn't get permission.

16. Plaintiff returned a second time to Human Resources and again spoke

to Charlotte Vance. Again she complained that Floyd was continuing to treat her in a negative manner. She gave an example of Floyd refusing to let her help another co-worker. Ms. Vance indicated to Plaintiff that she did not think Floyd was sexually harassing her, but that he was infatuated with her.

17. Ms. Vance indicated that she would talk to Bill Allen and Mr. Partain, Foundry Manager.

18. Mr. Allen and Mr. Partain spoke to Plaintiff on the same day. Plaintiff explained to Allen and Partain what Floyd was doing to her.

19. In October 2016, Plaintiff complained again to Mr. Allen when Floyd approached her with his finger in her face. Plaintiff shared with Allen that Floyd was overly scrutinizing her work and talking to her in a threatening manner.

20. On November 18, 2016, Plaintiff met with HR Manager Charis McLaren. Ms. McLaren had Mr. Partain sit in the meeting. During this meeting, Plaintiff repeated her complaints about Floyd treating her differently than other employees, by scrutinizing her trips to the bathroom, assigning her work assignments last and assigning her the least desirable job assignments. Plaintiff shared that Floyd had asked her to participate in a threesome and if she would be with him.

21. On November 22, 2016, Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 420-2017-00474 based on sex discrimination and retaliation.

22. On November 23, 2016, Plaintiff was written up and issued a Step 2 Corrective Action for not participating in warm up exercises.

23. On December 3, 2016, Plaintiff was issued a Step 4 Written Warning for failing to clock out for lunch on Saturday shift.

24. On that day, team leader, Floyd had reminded every employee under his supervision to clock out except Plaintiff.

25. On December 13, 2016, Plaintiff was issued a Step 5 Written Warning and a three day suspension for participating in warm up exercises in an unacceptable manner.

26. On December 15, 2016, Plaintiff filed a second Charge of Discrimination with the EEOC for retaliation, EEOC Charge No. 420-2017-00662.

27. On December 19, 2016, Plaintiff was issued a Step 6 Written Warning, suspension for cleaning her work station 15 minutes early and spending 15 minutes in the women's restroom.

28. On January 11, 2017, Plaintiff was suspended and later terminated on January 13, 2017 because she left her work area to go to Human Resources to complain about a fork lift incident that had occurred in February 2016, that was now being treated as a disciplinary event contrary to how the matter was treated in 2016.

## **COUNT ONE**

## **COUNT THREE**

## **RETALIATION UNDER TITLE VII**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 with the same force and effect as if fully set out in specific detail herein below.

30. There existed an employer-employee relationship between Plaintiff and Defendant.

31. Plaintiff exercised her statutory rights under Title VII by complaining to Defendant and filing charges of discrimination with the EEOC about what she reasonably believed to be sex discrimination and retaliation.

32. Immediately after complaining, Plaintiff was disciplined and later terminated for reasons that were pretextual.

33. There is a causal connection between Plaintiff's protected complaints and her discipline and termination.

34. The Defendant's conduct proximately caused the Plaintiff to suffer loss of pay and benefits, embarrassment, humiliation, loss of reputation and emotional distress for which she claims damages as set out below.

35. Plaintiff seeks declaratory and injunctive relief, reinstatement, award of

compensatory and punitive damages, emotional distress, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, Plaintiff respectfully requests this Court:

A.  Permanently enjoin Defendant from engaging further in their discriminatory and retaliatory treatment of employees similarly situated;

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women which eradicates the effects of its past and present unlawful employment practices, including implementing consistent policies against sex-based discrimination and retaliation in the work place;

C.  Order Defendant to make whole Plaintiff providing appropriate front pay, back pay, loss of employment benefits and other monetary relief as may be available to her, including damages for her physical, mental and emotional distress;

D.  Award Plaintiff compensatory and punitive damages under the Constitution of the United States;

E.  Award Plaintiff injunctive relief including reinstatement and training in the workplace;

F.  Award Plaintiff her costs and expenses herein, including reasonable attorney's fees, where applicable; and

G.     Award such other and further relief which this Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

          Respectfully submitted,

          /s/ Kenneth D. Haynes
          Kenneth D. Haynes
          ASB-6190-H36K
          Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
Phone:  (205) 879-0377
Fax: (205) 879-3572
Email: kdhaynes@haynes-haynes.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

          /s/ Kenneth D. Haynes
          Kenneth D. Haynes

## PLEASE SERVE DEFENDANT BY CERTIFIED MAIL

**DEFENDANT'S ADDRESS:**

Hubble Power Systems
8100 Churchill Avenue
Leeds, AL 35094